FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

SEP 15 2009

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| WILLIAM SALOMONE, JR.,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA, THE UNITED STATES HOUSE OF REPRESENTATIVES, THE UNITED STATES SENATE, and THE UNITED STATES DEPARTMENT OF THE TREASURY,<br><br>Defendants. | CIVIL ACTION NO.<br>1:08-CV-1574-JEC |

### ORDER AND OPINION

This case is presently before the Court on defendants' Motion to Dismiss [16]. The Court has reviewed the record and the arguments of the parties and, for the reasons set out below, concludes that defendants' Motion to Dismiss [16] should be **GRANTED**.

### BACKGROUND

Plaintiff, a *pro se* litigant, filed this action against the United States, the United States House of Representatives, the United States Senate, and the United States Department of the Treasury (collectively "defendants") on April 28, 2008. (Compl. [1].) In his complaint, plaintiff alleges that defendants have

engaged in unconstitutional earmarking. (*Id.* at 1.) More specifically, plaintiff claims that defendants have over-taxed citizens, channeling the gains into defendants' "pet projects" via earmarks and thereby avoiding the budgetary procedures required by the Appropriations Clause of the Constitution. (*Id.* at 2-3.) In this lawsuit, plaintiff seeks restitution for the money already spent through earmarks, and injunctive relief against future earmarking. (*Id.* at 3-4.)

Defendants have filed a motion to dismiss plaintiffs' claims for lack of jurisdiction under Federal Rule 12(b)(1). (Defs.' Mot. to Dismiss [16].) In their motion, defendants contend that plaintiff lacks standing to assert the claims in his complaint. (*Id.* at 4-8.) They argue, further, that plaintiffs' claims are barred by sovereign immunity and by the Speech or Debate Clause of the Constitution. (*Id.* at 9-12.) Defendants' motion to dismiss is presently before the Court.

### DISCUSSION

### I. Motion to Dismiss Standard

In deciding a motion to dismiss, the Court assumes that all the allegations in the complaint are true and construes all the facts in favor of plaintiff. *Scott v. Taylor,* 405 F.3d 1251, 1253 (11th Cir. 2005). Because he is a *pro se* litigant, the Court construes plaintiff's pleadings liberally. *Sanders v. United*

2

*States*, 113 F.3d 184, 187 (11th Cir. 1997). Nevertheless, in order to survive defendants' motion to dismiss, plaintiff's complaint must include "'direct or inferential allegations respecting all the material elements'" of a viable cause of action. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562 (2007). The complaint must also contain facts sufficient to show that the Court has jurisdiction over plaintiff's claims. *Parker v. Scrap Metal Processors, Inc.*, 386 F.3d 993, 1003 (11th Cir. 2004)(noting that a party invoking federal jurisdiction "bears the burden of establishing its existence").

## II. **Plaintiff Does Not Have Standing.**

Article III of the United States Constitution limits the subject matter jurisdiction of federal courts to "cases" and "controversies." U.S. Const. Art. III, § 2. The case or controversy requirement prohibits federal courts from issuing advisory opinions on a plaintiff's claim. *CAMP Legal Def. Fund, Inc. v. City of Atlanta*, 451 F.3d 1257, 1269 (11th Cir. 2006). Whether a plaintiff has standing to assert a particular claim is thus a "threshold question in every federal case." *Id.* See also *KH Outdoor, LLC v. City of Trussville*, 458 F.3d 1261, 1266 (11th Cir. 2006)("It is by now axiomatic that a plaintiff must have standing to invoke the jurisdiction of the federal courts.")

"'[T]he irreducible constitutional minimum of standing

3

contains three elements.'" *CAMP*, 451 F.3d at 1269 (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). Those elements include: "'(1) an injury in fact, meaning an injury that is concrete and particularized, and actual or imminent, (2) a causal connection between the injury and the [allegedly unconstitutional] conduct, and (3) a likelihood that the injury will be redressed by a favorable decision.'" *Id.* (quoting *Granite State Outdoor Adver., Inc. v. City of Clearwater*, 351 F.3d 1112, 1116 (11th Cir. 2003)). Each element is "'an indispensable part of the plaintiff's case.'" *Id.* Moreover, "standing cannot be 'inferred argumentatively from averments in the pleadings,' but rather 'must affirmatively appear in the record.'" *Id.* at 1276 (quoting *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990)).

With regard to the first element, an "injury in fact" requires: (1) the invasion of a legally protected interest, (2) which is concrete and particularized, rather than abstract or generalized. *Lujan*, 504 U.S. at 560. *See also Florida Family Policy Council v. Freeman*, 561 F.3d 1246, 1253 (11th Cir. 2009)(discussing the injury in fact requirement). In order to meet this requirement, plaintiff must show that he has more at stake in the controversy than "'a general interest common to all members of the public.'" *Lance v. Coffman*, 549 U.S. 437, 440 (2007)(quoting *Ex Parte Levitt*, 302 U.S. 633, 634 (1937)). *See also Schlesinger*

4

v. *Reservists Comm. to Stop the War*, 418 U.S. 208, 220 (1974)("[S]tanding to sue may not be predicated upon an interest of the kind alleged here which is held in common by all members of the public, because of the necessarily abstract nature of the injury all citizens share."). The Supreme Court has "consistently held that a plaintiff raising only a generally available grievance about government" does not have standing under Article III. *Lance*, 549 U.S. at 439. *See also Arizonans for Official English v. Arizona*, 520 U.S. 43, 64 (1997)("An interest shared generally with the public at large in the proper application of the Constitution and laws will not do.").

Consistent with the above principles, a plaintiff generally does not have standing to challenge governmental action simply by virtue of his status as a taxpayer and a citizen. *See Alabama v. EPA*, 871 F.2d 1548, 1555 (1989)("Plaintiffs base standing on their status as taxpayers. This does not satisfy the minimum constitutional requirement of injury in fact necessary for the exercise of federal jurisdiction."). The Supreme Court has held, on a number of occasions, that a taxpayer's interest in ensuring that appropriated funds are spent in accordance with the Constitution does not suffice to confer Article III standing. *Id.* *See also Lance*, 549 at 439. Yet, plaintiff's only claim to have been injured by defendants' earmarking practices is based entirely

5

on his status as a taxpayer and a citizen. (Compl. [1] at 1-2.)

Moreover, this case does not fit within the narrow exception to the general rule against taxpayer standing announced in *Flast v. Cohen*, 392 U.S. 83 (1968). Under *Flast*, a taxpayer may have standing to challenge a specific congressional enactment passed pursuant to the Taxing and Spending Clause of the Constitution. *In re Navy Chaplaincy*, 534 F.3d 756, 762 (Fed. Cir. 2008). However, the Supreme Court has made clear that this exception is narrow. *Id.* at 761. *See also Hein v. Freedom From Religion Found.*, 551 U.S. 587, 609 (2007) ("in the four decades since its creation, the *Flast* exception has largely been confined to its facts"). The key to the application of the *Flast* exception is that the plaintiff "call[] into question how the funds authorized by Congress [are] being disbursed *pursuant to . . . [a] statutory mandate.*" *Hein*, 551 U.S. at 607 (emphasis in original).

Plaintiff's claims clearly fall outside the *Flast* exception because he does not challenge an action "expressly authorized or mandated by any specific constitutional [or statutory] enactment." *Id.* at 608. Indeed, plaintiff contends that defendants are appropriating funds and using earmarks in contravention of the law, not in accordance with it. In addition, plaintiff's claims are based entirely on defendants' alleged violation of the Appropriations Clause. (Compl. [1] at 3.) The Supreme Court

6

"ha[s] declined to lower the taxpayer standing bar in suits alleging violations of any constitutional provision apart from the Establishment Clause." *Id.* at 609.

Plaintiff provides little in way of response to defendants' standing arguments. Instead, he asks why a citizen who is harmed by the unconstitutional acts of the Government, like every other citizen, would not have standing to bring suit. (Pl.'s Resp. [20] at 2.) The Supreme Court directly addressed plaintiff's question in *Hein,* stating that: "if every federal taxpayer could sue to challenge any Government expenditure, the federal courts would cease to function as courts of law and would be cast in the role of general complaint bureaus." *Id.* at 593. Moreover, the current standing requirements are "[e]ssential to preserving the separation of powers and limited judicial role mandated by the Constitution." *In re Navy Chaplaincy*, 534 F.3d at 765. These requirements prevent courts from overstepping their bounds and making speculative and premature decisions on matters that are not properly resolved by judicial action. *Id.*

Assuming that plaintiff has been injured by defendants' earmarking, his injury cannot be distinguished in any way from that of the public at large. *See Dillard v. Chilton County Comm'n*, 495 F.3d 1324, 1335 (11th Cir. 2007)(finding that plaintiffs did not have standing because their injury was "undifferentiated" and

7

"generalized"). Accordingly, plaintiff cannot show that he has suffered the type of injury that is required for standing under Article III. *See Lance,* 549 U.S. at 439-40 (citing the "lengthy pedigree" of cases in which the Supreme Court has "refus[ed] to serve as a forum for generalized grievances"). The Court thus **GRANTS** defendants' motion to dismiss plaintiffs' claims under Rule 12(b)(1) for lack of standing.

### III. Defendants Are Entitled to Sovereign Immunity.

Plaintiffs' claims are also precluded by sovereign immunity. Sovereign immunity bars all claims against the United States and its agencies. *F.D.I.C. v. Meyer,* 510 U.S. 471, 475 (1994). *See also Fla. Dep't of Bus. Regulation v. U.S. Dep't of the Interior,* 768 F.2d 1248, 1251 (11th Cir. 1985) ("If the relief sought requires payment of monies from the Federal Treasury, interferes with public administration, or compels or restrains the government, the action is deemed to be one against the United States as sovereign."). Only when the United States consents to be sued are such actions permitted to proceed. *Meyer,* 510 U.S. at 475 (the "'terms of [the United States'] consent to be sued in any court define that court's jurisdiction to entertain the suit'")(quoting *United States v. Sherwood,* 312 U.S. 584, 586 (1941)).

Contrary to plaintiff's argument, there is no indication that the Government has consented to be sued for violations of the

8

Appropriations Clause. *See Asociacion de Empleados del Area Canalera v. Panama Canal*, 453 F.3d 1309, 1315 (11th Cir. 2006)(noting that any waiver of sovereign immunity must be express and unequivocal). As an initial matter, there is absolutely no authority supporting plaintiff's claim that the United States waived sovereign immunity by enacting the Constitution itself. *See Nguyen v. United States,* 556 F.3d 1244, 1255 (11th Cir. 2009)("As a general principle under present law, if a Federal agent violates someone's constitutional rights . . . there is no remedy against the federal government. This ancient doctrine--sovereign immunity --stands as a bar.") and *United States v. Timmons*, 672 F.2d 1373, 1380 (11th Cir. 1982)("It is well established . . . that the United States has not waived its immunity to suit under" the civil rights statutes or the Fifth Amendment.)

Neither is there any support for plaintiff's argument that the Government waived immunity for Appropriations Clause claims by enacting the Tucker Act, 28 U.S.C. § 1491. The Tucker Act provides that:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

9

28 U.S.C. § 1491(a)(1). That language does not create a substantive cause of action. *Greenlee County v. United States*, 487 F.3d 871, 875 (Fed. Cir. 2007). Instead, it confers jurisdiction on the federal claims court, and waives the sovereign immunity of the Government for claims for money damages founded on specific acts of Congress. *Id.* In order to come within the jurisdictional reach and waiver of the Tucker Act, "'a plaintiff must identify a separate source of substantive law that creates the right to money damages.'" *Id.* (quoting *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005)).

Plaintiff does not point to any "money-mandating" source for his claims. *Id.* The only claims plaintiff asserts rest on the Appropriations Clause, which provides that: "No money shall be drawn from the Treasury, but in Consequence of Appropriations made by Law . . . ." U.S. Const., Art. I, § 9 cl.7. Contrary to plaintiff's suggestion, the Appropriations Clause does not contain any language "'mandating compensation by the . . . Government for the damages sustained'" by its violation. *United States v. White Mountain Apache Tribe*, 537 U.S. 465, 472 (2003)(quoting *United States v. Mitchell*, 463 U.S. 206, 217 (1983)).

In the absence of a clear and express waiver, defendants are protected from suit by sovereign immunity. *Asociacion de Empleados del Area Canalera*, 453 F.3d at 1315. Plaintiff cannot point to any

10

waiver that is applicable to his claims. For this additional reason, the Court lacks jurisdiction over plaintiffs' claims. *See Meyer*, 510 U.S. at 475 (sovereign immunity is a jurisdictional inquiry). The Court thus **GRANTS** defendants' motion to dismiss on the alternative ground of sovereign immunity.

## IV. **Plaintiff's Claims Against the Senate and the House of Representatives Are Barred by the Speech or Debate Clause**.

Finally, the U.S. Senate and House of Representatives are immune from suit under the Speech or Debate Clause of the Constitution. The Speech or Debate Clause provides that, "for any Speech or Debate in either House, [Congress] shall not be questioned in any other Place." U.S. Const., art. I, § 6, cl. 1. The Speech or Debate Clause affords Congress absolute legislative immunity from suits seeking damages, injunctions, and declaratory judgments for all conduct falling within the "sphere of legitimate legislative activity." *Eastland v. U.S. Servicemen's Fund*, 421 U.S. 491, 503 (1975).

Apportioning congressional money and funding legislative action clearly are "legitimate legislative activities." *See Eastland*, 421 U.S. at 503 ("In determining whether particular activities . . . fall within the 'legitimate legislative sphere,' [the Court] look[s] to see whether the activities took place 'in a session of the House by one of its members in relation to the

business before it.'") (quoting *Kilbourn v. Thompson*, 103 U.S. 168, 204 (1880)) and *Powell v. McCormack*, 395 U.S. 486, 502 (1969)("Committee reports, resolutions, and the act of voting are equally covered, as are 'things generally done in a session of the House by one of its members in relation to the business before it.'"). Thus, plaintiff's claims based on these activities are precluded by the legislative immunity provided by the Speech or Debate Clause. *See Eastland*, 421 U.S. at 503. For this additional reason, the Court **GRANTS** defendants' motion to dismiss plaintiff's claims against the U.S. Senate and the House of Representatives.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** defendants' Motion to Dismiss [16]. While the Court applauds the plaintiff's civic interest and recognizes his right to criticize and challenge what he believes to be irresponsible spending practices by the Congress, plaintiff's recourse is at the ballot box, not in federal court.

SO ORDERED, this 15 day of September, 2009.

JULIE E. CARNES
CHIEF UNITED STATES DISTRICT JUDGE